1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                  **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   MICHAEL MITCHELL,                    CASE NO. 13-cv-0634-DMS-MDD
12                        Petitioner,     REPORT AND
                                          RECOMMENDATION RE:
13        vs.                             RESPONDENT'S MOTION TO
                                          DISMISS [ECF No. 6]
14   JEFFREY BEARD, Secretary,
15                        Respondent.
                                   **I.  INTRODUCTION**
16       This Report and Recommendation is submitted to United States
17   District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and
18   Local Civil Rule 72.1(d)(1) of the United States District Court for the
19   Southern District of California.  For the reasons set forth herein, the
20   Court **RECOMMENDS** the Motion to Dismiss be **GRANTED**.
21                          **II.  PROCEDURAL HISTORY**
22       Michael Mitchell ("Petitioner") is a state prisoner currently
23   incarcerated by the California Department of Corrections and
24   Rehabilitation ("CDCR") at the R.J. Donovan Correctional Facility
25   ("Donovan") in San Diego County, California.  (ECF No. 9 at 1).
26   Petitioner was convicted of attempted murder and robbery and was
27   sentenced to an indeterminate life term.  (ECF No. 1 at 50).  Petitioner
28   does not challenge his underlying conviction.  Instead, Petitioner

challenges CDCR's finding that he is guilty of a rule violation. (*Id.* at 10).

Petitioner was implicated in a scheme to introduce narcotics into Donovan on October 30, 2010. (*See* ECF No. 1 at 122). On November 12, 2010, Petitioner received a Rules Violation Report, alleging Petitioner introduced controlled substances into the penal institution for distribution in violation of Cal. Code Regs. tit. 15, § 3016(c). (*Id.* at 121). On January 18, 2011, Petitioner was afforded a hearing regarding his alleged rules violation. (*Id.* at 122). After reviewing the evidence, the Senior Hearing Officer found Petitioner guilty. (*Id.* at 125). Because Petitioner was not notified of the charges against him within 15 days of the incident, Petitioner did not forfeit any days of good-time credit ("credit") for the offense.[1] (*Id.*). However, pursuant to Cal. Code Regs. tit. 15, § 3315(f)(5)(H), Petitioner lost all visiting privileges for 365 days, and all contact visiting privileges for the following 730 days. (*Id.*). Petitioner was also required to undergo one year of mandatory random drug testing. (*Id.*). The Senior Hearing Officer reported that Petitioner was advised of his right to appeal. (*Id.*).

On February 18, 2011, Petitioner filed a "Second Level Appeal." (*See* ECF No. 1 at 134). On April 22, 2011, this appeal was denied. (*Id.*). On July 12, 2011, Petitioner filed a "Third Level Appeal." (*Id.* at 132). On February 16, 2012, this appeal was also denied, with a slight

---

[1] According to Cal. Code Regs. tit. 15, § 3315(f)(3), an inmate found guilty of a serious rules violation shall be assessed a credit forfeiture pursuant to § 3323. However, when prison officials do not notify a prisoner of the charges against him within 15 days of discovering information leading to the charge, they may not issue a loss of credits. Cal. Code Regs., tit. 15, § 3320(a). Here, the Senior Hearing Officer admits a failure to notify Petitioner within 15 days, and thus he did not assess Petitioner any loss of credit. (ECF No. 1 at 147).

modification to the disciplinary decision.[2] (*Id.* at 137-38). This modification did not include a loss of credits. (*See id.*).

After exhausting his administrative remedies, Petitioner filed a petition for writ of habeas corpus in San Diego County Superior Court on July 16, 2012. (*See* ECF No. 1 at 50). Petitioner alleged that the Senior Hearing Officer violated his due process rights when he denied Petitioner access to evidence used at the hearing, and denied his request to call live witnesses. (*Id.* at 60-61). On August 23, 2012, the petition was denied. (*Id.* at 50-53).

On October 16, 2012, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (ECF No. 1 at 47). On November 30, 2012, the petition was denied. (*Id.* at 43). On December 17, 2012, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (*Id.* at 31). On January 23, 2013, the petition was denied. (*Id.* at 35).

On March 15, 2013, Petitioner, proceeding *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner alleges three grounds for habeas relief. (*Id.*). First, Petitioner alleges that the Senior Hearing Officer violated Petitioner's Fourteenth Amendment due process rights when he found Petitioner guilty of introducing narcotics into Donovan, denied Petitioner access to evidence used at the disciplinary hearing, and did not allow Petitioner to

---

[2] The third level reviewer expressed overall agreement with the disciplinary decision, but noted that Petitioner should have also been assigned to Narcotics Anonymous classes pursuant to Cal. Code Regs. tit. 15, § 3315(f)(5)(J)(1), and altered the disposition accordingly. (ECF No. 1 at 137-38).

call witnesses at the hearing.[3] (*See Id*. at 6-15).  Second, Petitioner alleges that the consequences of the disciplinary action constituted cruel and unusual punishment in violation of the Eighth Amendment.  (*See Id*. at 15, 20-22).  Third, Petitioner claims that the Superior Court erred by failing to grant his state petition for writ of habeas corpus.  (*Id*. at 16-19).

On May 21, 2013, Respondent moved to dismiss the Petition for failure to allege a cognizable claim for federal habeas relief.  (ECF No. 6).  On June 21, 2013, Petitioner filed a Response in Opposition.  (ECF No. 9).

## III.  **STANDARD OF REVIEW**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  A state inmate may seek federal habeas relief only on the grounds that he is "in custody in violation of the Constitution or laws or treaties of the Unites States."  28 U.S.C. § 2254(a).  The essence of          § 2254 "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  In contrast, a civil rights action, under § 1983, "is [the] proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Id*. at 499.  In *Preiser*, the Supreme Court held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

---

[3] It also appears that Petitioner asserts claims on behalf of his mother.  However, "a party must generally assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).

entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[4] *Id.* at 500.

The Ninth Circuit has determined that "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1990), *cert. denied*, (habeas petition proper where prisoner alleges credits withheld by prison officials). "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez,* 334 F.3d at 859.

## IV.  DISCUSSION

Petitioner alleges three grounds for habeas relief in his petition. (ECF No. 1).  First, Petitioner alleges that the Senior Hearing Officer violated Petitioner's Fourteenth Amendment due process rights when he found Petitioner guilty of introducing narcotics into Donovan, denied Petitioner access to evidence used at the disciplinary hearing, and did not allow Petitioner to call witnesses at the hearing. (*Id.* at 6-15).  Second, Petitioner alleges that the consequences of the disciplinary action constituted cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 15, 20-22).  Third, Petitioner claims that the

---

[4] The Court specifically withheld decision on whether a habeas petition was an appropriate alternative remedy for a Petitioner who contends that the conditions of confinement, not the fact or duration of confinement, violate federal law. *Preiser,* 411 U.S. at 500 (stating that "[W]e need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983.").

1 Superior Court erred by failing to grant his state petition for writ of
2 habeas corpus. (*Id.* at 16-19).

3 　　　　Respondent contends that Petitioner has failed to allege a
4 cognizable claim for federal habeas relief because Petitioner was not
5 assessed a loss of credits as a result of the prison disciplinary action
6 against him. (ECF No. 6 at 1). Petitioner does not respond to
7 Respondent's contention in his Opposition. (*See* ECF No. 9). Rather,
8 Petitioner reiterates his due process claim. (*See id.*).

9 　　　　For the Court to have jurisdiction to address the merits of
10 Petitioner's constitutional claims in a habeas petition, Petitioner must
11 allege that the disciplinary decision affected "the very fact or duration of
12 his physical imprisonment." *See Preiser*, 411 U.S. at 499. Here,
13 Petitioner does not allege that the disciplinary proceeding affected the
14 length of his confinement. (*See* ECF No. 1). Petitioner attached a copy of
15 the Senior Hearing Officer's written decision to his Petition. (*Id.* at 125).
16 The decision indicates that Petitioner did not lose any credit as a result
17 of the disciplinary violation. (*Id.*). Further, Petitioner does not allege
18 that the disciplinary violation negatively affected his parole eligibility or
19 implicated the duration of his confinement in any other way.

20 　　　　Petitioner's allegation that the Superior Court erred by failing to
21 grant his state petition for writ of habeas corpus also fails to state a
22 cognizable federal claim. (*Id.* at 16-19). Petitioner claimed in his state
23 court habeas petition that the Senior Hearing Officer violated his due
24 process rights during the disciplinary proceeding. (ECF No. 1 at 60-61).
25 As previously discussed, the Court does not have jurisdiction to review
26 the merits of this due process claim in a habeas petition because the
27 duration of Petitioner's confinement was not affected. *See Preiser*, 411

28

13-cv-0634-DMS-MDD

U.S. at 499.

## V. CONCLUSION

Although Petitioner is dissatisfied with the results of his disciplinary hearing, his dissatisfaction is not cognizable on federal habeas review because he did not allege that the disciplinary violation affected the fact or duration of his confinement. *See Preiser*, 411 U.S. at 499. Petitioner's claims must instead be raised, if at all, under § 1983. *See Ramirez,* 334 F.3d at 859.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order **GRANTING** Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than August 28, 2013. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than September, 11, 2013. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: August 6, 2013**

**Hon. Mitchell D. Dembin**
**U.S. Magistrate Judge**